State ex rel. Garesché v. Bond.

---

STATE OF MISSOURI *ex rel.* ALEXANDER J. P. GARESCHÉ, Plaintiff, *v.* IRA M. BOND, Defendant.

*Constitution — Elections — Voters—Registration.*—A legally qualified voter under the terms of the Constitution, must be registered as such in the election district in which he resides.

*Garesché, p. s.*

I. Mandamus will lie where there is no appeal. The voter must be registered as an accepted or a rejected voter, or he is not of the three classes included in the 11th section of the registration law, for which an appeal is granted, and this section is to be strictly construed.

II. The voter may register in any precinct, but must vote in that in which he is registered—Const. Art. II., § 18.

*Knox*, for respondent.

I. The writ will not lie, because the relator has a full and adequate remedy either by going to the registering officer of his own district, or by presenting his claim to the court of appeals—Com. Dig. "Mandamus."

II. The law clearly implies that each voter must be regis-

tered in the district of his residence—Act of registration, R. C. 1865, p. 904, §§ 2, 11, 19.

HOLMES, Judge, delivered the opinion of the court.

The relator states that he has for the last six years been a resident of the fifth ward of the city of St. Louis; that during all that period he has been and now is a duly qualified voter under and in pursuance of the laws of the State of Missouri, duly authorized and qualified to vote at all elections for State, county and township officers, and for county officers for the wards of the city of St. Louis, namely, justice of the peace and constable for the fifth ward; and that pursuant to the act of the last Legislature of Missouri, entitled "An act to provide for the registration of voters," approved Dec. 16th, 1865, it is necessary that the relator, though a legal and qualified voter, should present himself before a registrar to be registered as a legal voter; and without which the relator could not be registered, and therefore would lose his right to vote at said election. And, further, that he presented himself on the day named before Ira M. Bond, the registering officer, at the eastern precinct of the fifth ward aforesaid, the precinct where he always had voted since his residence in said fifth ward, and asked the said registrar to register him, and that the registrar refused to register him, or even to enter his name as a "rejected voter," in which latter case he could have appealed to the Board of Supervisors of registration, according to the statute in such cases made and provided; and that the registrar refused to entertain any motion whatever for his application, assigning as a reason for his refusal that the relator resided in another precinct, and, further, that by law he must vote in the precinct where he is registered; that it was inconvenient and unpleasant for him to register in the precinct of his domicil, and that he always voted in the precinct where he proposed himself for registration; and he therefore prayed for a mandamus.

The defendant makes return to the alternative writ, and shows for cause why he refused to register the relator as a

legal voter, that the said Garesché does not reside within the election district in which the defendant is registrar, and that by reason thereof he had no authority to inquire and ascertain as to his qualifications as a voter, nor to register him in said election district.

The case will be considered upon the facts thus disclosed in the petition and return.

The petition does not speak in terms of election districts, but only of wards and precincts. The uncertainty of the petition in this respect is removed by the statement in return (which is not controverted) that the relator did not reside in the election district for which the defendant was registrar.

The question is thus distinctly presented, whether or not a voter under the Constitution and the registration act, as they now are, must be registered in the election district of which he is at the time a resident. We have come to the conclusion that this question must be answered in the affirmative. The Constitution directs the General Assembly to provide by laws for a complete and uniform registration, by election districts, of the names of qualified voters in the State—Const. Art. II., § 4. The eighteenth section of the same article, defining the qualifications of voters, prescribes the period of residence within the State and within the county, city or town where the voter offers to vote or seeks regtration as a voter ; and it further declares that he shall not vote elsewhere than in the election district of which he is at the time a resident, or after a system of registration of votes shall have been established in the election district where his name is registered, except as provided in another section, which does not affect the question in hand. The registration act authorizes the county court to establish the election districts by townships or by wards of a city or town, or other municipal subdivisions ; and further, when they shall deem it necessary to establish " more than one place of voting in any township, ward, or other municipal subdivision," they shall " designate and establish the boundaries of the election

district appertaining to each place of voting." And they are required to certify to the supervisor of registration a statement of all election districts so established—Gen. Stat. 1865, p. 905, § 4. And the supervisor is to appoint a registering officer in each election district of the county—Ibid. § 2. The act also provides in what manner a registered voter who, before the registry is closed, removes his residence from the election district where he was registered, may be registered in another election district, and in such cases the word "removed" is to be written opposite the name of such voter— Ibid, p. 908, § 19.

Upon a general view of these provisions, and of the whole scope and purpose of the Constitution and the act, it would seem to be very plain that a system of registration of voters by election districts was intended to be established; that election districts in towns and cities might be established by wards, or when deemed necessary by subdivisions less than a ward, or other subdivision created by municipal authority. And we think it is equally clear that both the Constitution and the statute contemplate and require that the voter (where not otherwise provided by way of exception) shall vote only in the election district of which he is at the time a resident, and of which he is also (after the establishment of a system of registration) a registered voter. The requirement of registration is to be understood as cumulative upon the requisite of residence, and not as a provision wholly independent of residence. Residence within the State for one year, and within the county, city or town for the last sixty days, before voting or registration, is required by the Constitution as a qualification of voters. The Constitution does not define and establish the election districts; this is left to legislation: but it does require that where election districts have been established according to law, voters shall vote in the election districts of which they are residents, and in which they are also duly registered voters.

If the relator has presented himself to the registering officer of the election district of which he was a resident, and

his application had been refused, a hearing and all right of appeal to the Board of Supervisors had been denied him, it is very probable that a mandamus might have been granted, but we are not now called upon to decide that question. Upon the case made here, we are of opinion that the petition is not entitled to the remedy by mandamus.

Mandamus refused.   The other judges concur.